J. S03001/15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                                   :          PENNSYLVANIA

           v.             : 
                                   :
MICHAEL LEVANT JOHNSON,      :       No. 824 EDA 2013
                                   :
         Appellant      :

Appeal from the PCRA Order, February 20, 2013,
in the Court of Common Pleas of Chester County
Criminal Division at Nos. CP-15-CR-0003533-2006,
CP-15-CR-0003572-2006

BEFORE:  FORD ELLIOTT, P.J.E., PANELLA AND OTT, JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:        **FILED JULY 08, 2015**

Appellant brings this appeal challenging the order denying his second petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A.§§ 9541-9546.  Finding no error, we affirm.

On January 11, 2008, appellant pleaded guilty to third degree murder and flight to avoid apprehension in connection with an August 12, 2006 stabbing death in Coatesville.  Following the plea, the court imposed the negotiated sentence of 23 to 46 years' imprisonment, plus restitution for the victim's medical and burial expenses.  On June 25, 2009, this court affirmed the judgment of sentence, and on August 31, 2010, our supreme court

denied appeal.[1]  ***Commonwealth v. Johnson***, 981 A.2d 314 (Pa.Super. 2009) (unpublished memorandum), ***appeal denied***, 4 A.3d 157 (Pa. 2010).

On August 5, 2011, appellant filed the instant PCRA petition ***pro se***. Counsel was appointed, and on November 16, 2012, an amended petition was filed which adopted the issues stated in the ***pro se*** petition as well as raising new issues.  A hearing was held on January 22, 2013, and as noted, relief was denied by order entered February 20, 2013.  PCRA counsel was permitted to withdraw on March 4, 2013.  New counsel was appointed, but while on appeal, appellant filed a petition to proceed ***pro se***.  Consequently, on August 30, 2012, this court remanded the case to the PCRA court to conduct a ***Grazier*** colloquy.[2]  The PCRA court conducted the hearing and appellant was permitted to proceed ***pro se***.

Appellant raises the following issues on appeal:

> I.  Did the Trial Court Judge abuse his discretion and erred [sic] as a matter of law by participation in the guilty plea which amounted to improper interference with plea negotiations which challenges the validity of the guilty plea?
>
> II.  Did the Trial Court abuse it's [sic] discretion when it ordered DNA evidence taken prior to being convicted?
>
> III.  Whether defense counsel was ineffective for sitting by silent at the motion to withdraw guilty plea?

---

[1] Appellant's right to petition the supreme court for allowance of appeal was reinstated ***nunc pro tunc*** pursuant to his first PCRA petition.

[2] ***Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998).

IV. Whether defense counsel was ineffective for failing to object to the denial of Petitioner's verbal continuance or in the alternative request a continuance himself?

V. Whether defense counsel was ineffective for failing to object to the verbal guilty plea colloquy where the defects appear on the record rendering the plea uncounseled as to the key element of MALICE?

VI. Whether defense counsel was ineffective for failing to object to the defective written guilty plea colloquy form where no definition of MALICE appears nor any mention of MALICE which distinguishes Murder from Manslaughter[?]

VII. Did the Trial Court fail to give the mandatory required six questions afforded to Petitioner pursuant to Pa. R. Crim. P. 590 (A)(1)-(C)(1-7) which is a requirement?

VIII. Whether defense counsel was ineffective for failing to object to the Trial Court's failure in establishing voluntariness without questioning Petitioner with the mandatory questioning pursuant to Pa. R. Crim. P. 590 (A)(1)-(C)(1-7) which is a requirement?

IX. Whether appeal counsel was ineffective for failing to preserve and raise in Petitioner's 1925 (b) statement that the trial court abused it's [sic] discretion and erred as a matter of law by not reproducing and including the record of the in court verbal colloquy to the Superior court?

X. Whether the Trial Court violated Petitioner's rights when it amended the charges at the guilty plea hearing with a[n] eleventh hour amendment or a trial by ambush?

XI. Whether defense counsel was ineffective for failing to object to the eleventh hour amendment without adequate notice of the charges?

XII. Was defense counsel ineffective for failing to have the preliminary hearing transcripts included in the record for impeachment and to prepare a [sic] adequate defense and/or a meaningful investigation of the evidence used against Petitioner prior to coercing petitioner into a[n] uncounseled guilty plea?

XIII. Was defense counsel ineffective for failing to petition for dismissal for WANT OF JURISDICTION for the failure to establish Prima Facie against petitioner, no evidence was entered of record of either case against petitioner from his preliminary hearing?

XIV. Whether defense counsel was ineffective for failing to file the correct pre-trial motions, trial counsel should have filed for a FRANKS HEARING, challenging the fact no Prima Facie or probable cause was established?

XV. Was PCRA counsel ineffective for failing to raise and preserve direct appeal counsel's ineffectiveness for failing to raise the defective guilty plea colloquy the written and verbal colloquy where no definition of MALICE exists on direct appeal and for the first time on PCRA, and for failing to raise Trial counsel's ineffectiveness for not objecting to the defective written and verbal colloquy where no mention of MALICE exists. Direct appeal counsel also failed to raise and preserve the abuse of discretion on trial court for failing to include the record of the verbal colloquy to the Superior Court for an adequate review? PCRA counsel also failed to raise and preserve this claim on the amended PCRA.

XVI. Was PCRA counsel Laurence Harmelin ineffective for failing to raise and preserve issues in Petitioner's pro-se PCRA petition, counsel gave no reason why he failed to raise the remaining issues nor did he give a Finley or Turner or Anders letter concerning the remaining claims that were left out?

XVII. Did the Trial Court abuse it's [sic] discretion and commit an error of law by denying Petitioner's PCRA?  There was no mention of MALICE given to Petitioner at the verbal colloquy, nor was there any definition or mention of MALICE on the written colloquy form this lack of definition challenges the validity of the guilty plea.

XVIII. Was defense counsel ineffective for adding a restitution amount in Petitioner's guilty plea?

XIX. Was defense counsel ineffective for failing to raise and preserve evidence had against petitioner in the bill of particulars or his failure to do any investigation before coercing petitioner into a[n] unknowing and unintelligent plea, so petitioner could prepare an adequate defence [sic] to the charges?

XX. Whether the trial court had jurisdiction over petitioner's case, Petitioner is charged on a [sic] invalid information it states no charge it states no valid statute governed by the general assembly[?]

XXI. Was the trial court abusing it's [sic] discretion when it sentenced petitioner in accordance with the guilty plea where no saving clause exists in the present form for any punishment because no Constitutional authorization is in place because of the unlawful radification [sic] of the 1968 Constitution?

XXII. Whether the trial court, the DA, all prior counsel's [sic] were ineffective for not

> correcting the record with the proper information that was offered at the guilty plea colloquy hearing?

Appellant's brief at 1-3.

Our standard of review for an order denying post-conviction relief is whether the record supports the PCRA court's determination, and whether the PCRA court's determination is free of legal error. ***Commonwealth v. Franklin***, 990 A.2d 795, 797 (Pa.Super. 2010). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. ***Id.***

Moreover, as some of appellant's issues on appeal are stated in terms of ineffective assistance of counsel, we also note that appellant is required to make the following showing in order to succeed with such a claim: (1) that the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) that, but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. ***Commonwealth v. Rivera***, 10 A.3d 1276, 1279 (Pa.Super. 2010). The failure to satisfy any prong of this test will cause the entire claim to fail. ***Commonwealth v. Daniels***, 947 A.2d 795, 798 (Pa.Super. 2008). Finally, counsel is presumed to be effective, and appellant has the burden of proving otherwise. ***Commonwealth v. Pond***, 846 A.2d 699, 708 (Pa.Super. 2003). We will address appellant's issues ***seriatim***.

In Issue I, appellant cites trial court error in participating in the guilty plea. This issue is waived as it could have been raised on direct appeal but was not. 42 Pa.C.S.A. §§ 9543(a)(3); 9544(b).

In Issue II, appellant cites trial court error in ordering DNA evidence to be taken prior to trial. This issue is waived as it could have been raised on direct appeal but was not. 42 Pa.C.S.A. §§ 9543(a)(3); 9544(b).

In Issue III, appellant asserts that trial counsel was ineffective in sitting silent at the motion to withdraw appellant's guilty plea. We disagree. The motion to withdraw his guilty plea was a *pro se* motion. At the hearing on appellant's motion, it was appellant's choice to argue the motion himself and essentially have counsel act as stand-by counsel. (Notes of testimony, 1/24/08 at 2-5.) Nonetheless, appellant did confer with counsel at the hearing and had the benefit of his advice. Appellant cannot be heard to complain now about his own choice to proceed *pro se* at the hearing.

In Issue IV, appellant claims that counsel was ineffective in failing to object to the denial of a continuance at a hearing on January 11, 2008. At the beginning of the hearing, appellant made a *pro se* motion for a continuance so that he could find a new lawyer to represent him because he was unhappy with present counsels' representation. The trial court denied that aspect of appellant's motion seeking to discharge his present attorneys, but specifically allowed that if appellant found a new lawyer to represent

him, the court would reconsider the motion for a continuance.[3] (Notes of testimony, 1/11/08 at 4-5.) We find no ineffectiveness because the trial court effectively held its ruling on the motion for a continuance in abeyance pending appellant's retaining new counsel.

In Issues V, VI, XV, and XVII, appellant essentially argues that defense counsel was ineffective in failing to insure that appellant understood the meaning of malice. At the PCRA hearing, appellant's defense counsel testified that appellant was fully aware of the element of malice and that it was covered many times. (Notes of testimony, 1/22/13 at 39-40.) Counsel also testified that he defined malice to appellant four, five, or six times. (**Id.** at 48.) The trial court made a specific on-the-record determination that it found defense counsel to be credible and appellant to be incredible. (Order, 2/20/13 (dated 2/19/13) at 3 n.1.) We are bound by the credibility determinations of the court where they are supported by the record. **Commonwealth v. Stewart**, 84 A.3d 701, 711 (Pa.Super. 2013), **appeal denied**, 93 A.3d 463 (Pa. 2014). Thus, we find that counsel fully informed appellant as to the nature of malice and was not ineffective.

In Issue VII, appellant contends that the trial court conducted an inadequate guilty plea colloquy. This issue was raised on direct appeal;

---

[3] We note that appellant still had not obtained new counsel 11 days later when he pleaded guilty.

consequently, it was previously litigated and is ineligible for review under the PCRA. 42 Pa.C.S.A. §§ 9543(a)(3); 9544(a)(2).

In Issue VIII, appellant complains that counsel was ineffective in failing to object to the inadequate guilty plea colloquy. As the court on direct appeal found the colloquy to be proper, there is no merit to the issue underlying this claim of ineffectiveness.

In Issue IX, appellant claims that counsel failed to preserve the defective plea colloquy issue for direct appeal. This is plainly incorrect as the plea colloquy issue was addressed on direct appeal.

In Issue X, appellant asserts that the trial court erred in allowing an eleventh hour amendment to the criminal charges. This issue is waived as it could have been raised on direct appeal but was not. 42 Pa.C.S.A. §§ 9543(a)(3); 9544(b).

In Issue XI, appellant claims trial counsel was ineffective in failing to object to the eleventh hour amendment to the criminal charges and that said amendment induced appellant to plead guilty. There is no merit here. The criminal information was amended after appellant agreed to plead guilty and could not have influenced his decision to plead guilty. In point of fact, the criminal information was amended to reflect the plea. The information originally charged appellant with second degree murder. It was amended to charge third degree murder in order to align with appellant's plea. (Notes of testimony, 1/11/08 at 22-23.) Moreover, because the criminal information

was amended to reduce the criminal liability of appellant, we find no prejudice.

In Issue XII, appellant argues that trial counsel was ineffective in failing to have a transcript of his preliminary hearing prepared so that it could have been used for impeachment purposes at trial. First, appellant never indicates what testimony at the preliminary hearing could have been used for impeachment. Second, appellant's assertion of ineffectiveness is purely anticipatory. Because appellant pleaded guilty, there was no reason for counsel to obtain a transcript for impeachment. Had appellant chosen to go to trial, counsel may have at that point obtained a transcript. At the juncture of the guilty plea, counsel cannot yet be considered ineffective on this basis.

In Issues XIII and XIV, appellant posits that trial counsel was ineffective for failing to file a petition to dismiss the charges or other pre-trial motions based on lack of jurisdiction for failure to establish a *prima facie* case at the preliminary hearing. At the guilty plea hearing, the Commonwealth stated what evidence would have been introduced. The Commonwealth had an eyewitness, Marilyn Wright, who would testify that she was present when appellant stabbed the victim in his heart. (Notes of testimony, 1/11/08 at 18.) Also, police recovered appellant's bloody clothing at his home, and the DNA of the blood matched the victim. (*Id.* at 21.) Clearly, the Commonwealth had adduced evidence establishing a

***prima facie*** case, and there was no basis for dismissal of charges. Moreover, as appellant does not claim that counsel's alleged error induced his plea, appellant's guilty plea effectively waived any failure to establish a ***prima facie*** case.

In Issue XVI, appellant contends that PCRA counsel was ineffective in failing to raise and preserve the issues raised in appellant's ***pro se*** PCRA petition.[4] There is simply no truth to appellant's accusation. PCRA counsel specifically adopted all the issues in the ***pro se*** petition in the amended PCRA petition:

> 15. Petitioner hereby incorporates his ***pro se*** petition by reference and makes same a part hereof. Said ***pro se*** petition is attached hereto as Exhibit "E".

Amended PCRA Petition, 11/16/12 at paragraph 15.

In Issue XVIII, appellant argues that trial counsel was ineffective in adding a restitution term to the plea agreement. During the guilty plea hearing, trial counsel called the court's attention to the fact that a restitution amount was supposed to be included in the plea agreement. (Notes of testimony, 1/11/08 at 35.) Thereafter, the court accepted the plea agreement and imposed the negotiated sentence including the restitution

---

[4] Appellant raised the ineffectiveness of PCRA counsel at the PCRA hearing. (Notes of testimony, 1/22/13 at 24.) Therefore, the Commonwealth's reliance on ***Commonwealth v. Pitts***, 981 A.2d 875 (Pa. 2009), and its argument that this issue is being raised for the first time on appeal, are misplaced.

term. When asked if appellant understood the sentence, appellant merely replied, "Yes, your Honor." (*Id.* at 36.) Appellant clearly accepted the restitution term without objection at the plea hearing and cannot now attack counsel's effectiveness on this basis.

In Issue XIX, appellant asserts that trial counsel was ineffective in failing to investigate his case and prepare an adequate defense. Appellant argues that counsel failed to uncover exculpatory evidence. First, appellant does not reveal what exculpatory evidence there was that counsel failed to uncover. Trial counsel is simply not a magician capable of producing exculpatory evidence where none exists. Unless appellant can demonstrate that there was exculpatory evidence that counsel unreasonably failed to discover, he cannot maintain an ineffectiveness claim on this basis.

Second, at the plea colloquy appellant was asked if he was satisfied with the representation of his attorney and he replied affirmatively. (*Id.* at 16.) In fact, appellant even thanked counsel for all that had been done for him. (*Id.* at 33.) "A person who elects to plead guilty is bound by the statements he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy." *Commonwealth v. Turetsky*, 925 A.2d 876, 881 (Pa.Super. 2007), *appeal denied*, 940 A.2d 365 (Pa. 2007), quoting *Commonwealth v. Pollard*, 832 A.2d 517, 524 (Pa.Super. 2003) (citations

omitted). Appellant cannot now be heard to denigrate counsel's representation after stating his satisfaction at the plea colloquy.

In Issue XX, appellant complains that the trial court did not have jurisdiction over his case. This issue is waived as it could have been raised on direct appeal but was not and, in any event, is frivolous. 42 Pa.C.S.A. §§ 9543(a)(3); 9544(b).

In Issue XXI, appellant asserts that the trial court abused its discretion in sentencing him. This issue is waived as it could have been raised on direct appeal but was not. 42 Pa.C.S.A. §§ 9543(a)(3); 9544(b). Moreover, the discretionary aspects of sentence are not cognizable under the PCRA. **Commonwealth v. Wrecks**, 934 A.2d 1287, 1289 (Pa.Super. 2007) (relief with respect to discretionary aspects of sentence not cognizable in PCRA proceedings).

In Issue XXII, appellant contends that the trial court, the district attorney, and all prior counsel were ineffective in failing to correct the record compiled at the guilty plea hearing to the effect that appellant entered the victim's house. To the extent that appellant's issue implicates the trial court or the district attorney, we note that the issue is waived as it could have been raised on direct appeal but was not. 42 Pa.C.S.A. §§ 9543(a)(3); 9544(b). As for all prior counsel, there is no ineffectiveness. When the district attorney was relating the facts at the guilty plea hearing, she described the crime scene as follows:

> After the stabbing the defendant then fled the scene, running. It's an outdoor porch area where furniture is located, but yet it's outside the home.

Notes of testimony, 1/11/08 at 18.

Thus, the record does not need correcting in the manner suggested by appellant because the district attorney did not state that appellant entered the victim's house; the allegation plainly was that the crime occurred outside. There is no ineffectiveness of counsel here.

Accordingly, having found no merit in the issues on appeal, we will affirm the order below.

Finally, we note that appellant has three outstanding motions pending before this court. On December 24, 2014, appellant filed two separate motions asking this court to provide appellant with, respectively, a copy of his appellate brief and a complete docket entry list. These motions will be denied. Appellant should seek these items directly through the prothonotary of this court. On April 16, 2015, appellant filed a motion asking this court to order the lower court to provide him with a certificate of transmittal of the record to ensure appellant that this court received the notes of testimony from appellant's guilty plea and sentencing. We note that these items were included in the record and that appellant will receive notice of that fact by receipt of this memorandum; consequently, we will deny appellant's motion as moot.

J. S03001/15

Order affirmed. Motion for this court to provide appellant with a copy of his appellate brief is denied. Motion for this court to provide appellant with a complete docket entry list is denied. Motion to order certificate of transmittal of record is denied as moot.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/8/2015